A CERTIFIED TRUE COPY

OCT 17 2006

ATTEST
FOR THE JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

OCT 17 2006

FILED
CLERK'S OFFICE

**DOCKET NO. 1566**

**JUDICIAL PANEL ON MULTIDISTRICT LITIGATION**

**IN RE WESTERN STATES WHOLESALE NATURAL GAS ANTITRUST LITIGATION**

2:03cv1431

*Breckenridge Brewery of Colorado, LLC, et al. v. ONEOK, Inc., et al.,* D. Colorado, C.A. No. 1-06-1110

**BEFORE WM. TERRELL HODGES, CHAIRMAN, D. LOWELL JENSEN, J. FREDERICK MOTZ, ROBERT L. MILLER, JR., KATHRYN H. VRATIL, DAVID R. HANSEN AND ANTHONY J. SCIRICA, JUDGES OF THE PANEL**

## TRANSFER ORDER

Before the Panel is a motion brought, pursuant to Rule 7.4, R.P.J.P.M.L., 199 F.R.D. 425, 435-36 (2001), by plaintiffs in one District of Colorado (*Breckenridge*) action. Movants seek to vacate the Panel's order conditionally transferring *Breckenridge* to the District of Nevada for inclusion in the MDL-1566 proceedings pending there before Judge Philip M. Pro. Responding defendant Reliant Energy Services, Inc., supports transfer of the action.

On the basis of the papers filed and hearing session held (without oral argument), the Panel finds that *Breckenridge* involves common questions of fact with actions in this litigation previously transferred to the District of Nevada, and that transfer of the action to that district for inclusion in the coordinated or consolidated pretrial proceedings occurring there will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. The Panel is persuaded that transfer of the action is appropriate for reasons expressed by the Panel in its original order directing centralization in this docket. In that order, the Panel held that the District of Nevada was a proper Section 1407 forum for actions brought by persons injured by multiple common defendants' alleged conspiracy to increase the price of natural gas sold in California during 2000 and 2001. *See In re Western States Wholesale Natural Gas Antitrust Litigation,* 290 F.Supp.2d. 1376 (J.P.M.L. 2003).

The *Breckenridge* plaintiffs premise their opposition to transfer on their argument that federal jurisdiction is lacking in the action. They urge that judicial economy would be better served if the Panel defers or denies transfer pending resolution of their motion to remand the action to state court. Such a motion, however, if not resolved in the transferor court by the time of Section 1407 transfer, can be presented to and decided by the transferee judge. *See, e.g., In re Ivy,* 901 F.2d 7 (2nd Cir. 1990); *In re Prudential Insurance Company of America Sales Practices Litigation,* 170 F.Supp.2d 1346, 1347-48 (J.P.M.L. 2001).

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

OCT 27 2006

GREGORY C. LANGHAM
CLERK

- 2 -

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, this action is transferred to the District of Nevada and, with the consent of that court, assigned to the Honorable Philip M. Pro for inclusion in the coordinated or consolidated pretrial proceedings occurring there in this docket.

FOR THE PANEL:

Wm. Terrell Hodges
Chairman