IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:06-CV-01110-REB-MEH

BRECKENRIDGE BREWERY OF COLORADO, LLC,
a Colorado limited liability company; and
BBD ACQUISITION CO., a Colorado corporation,
On behalf of themselves and all other similarly situated
direct purchasers of natural gas in the State of Colorado,

        Plaintiffs,

v.

ONEOK INC., et al.,

        Defendants.

## JOINT STATUS REPORT

The parties respectfully submit this joint status report pursuant to the Court's Order to File Status Report [#43] (the "Order"). In accordance with Paragraph 3 of the Order, the parties state as follows:

    **a.**    **The identification of each plaintiff and each defendant currently litigating any claim, counterclaim, cross-claim, or defense in this case:**

    1.    <u>Remaining Plaintiffs</u>

Plaintiffs Breckenridge Brewery of Colorado, LLC and BBD Acquisition, LLC ("Plaintiffs") remain in this case as representatives of a putative class consisting of:

> All industrial and commercial purchasers of natural gas for their own use or consumption that bought from defendants Xcel Energy, Inc., e prime Energy Marketing, or their corporate affiliates during the Relevant Time Period, and which gas was used or

69231602.1

consumed by them in Colorado. Excluded from the Class are (a) entities that purchased natural gas for resale (to the extent of such purchase for resale); (b) entities that purchased natural gas for generation of electricity for the purpose of sale (to the extent of such purchase for generation); (c) defendants and their predecessors, affiliates and subsidiaries; and (d) the federal government and its agencies.

2. <u>Remaining Defendants</u>

The sole remaining defendants in this action are Defendants e prime Energy Marketing, Inc. ("EPEM"), a former Colorado corporation who dissolved in 2005, and Xcel Energy, Inc. ("Xcel Energy"), a Minnesota corporation and EPEM's former indirect parent. EPEM and Xcel Energy collectively are referred to herein as the "EPEM Defendants."

Plaintiffs' claims against all other defendants, including the EPEM Defendants' affiliate, e prime, inc. ("e prime"), were dismissed with prejudice in 2008. [MDL No. 1566, ECF No. 845].

**b.   A description of each claim of the plaintiffs which remains pending:**

1. <u>Plaintiffs' Description of Claims</u>

In this putative class action, Plaintiffs assert a single claim against EPEM Defendants. Plaintiffs seek recovery, on behalf of themselves and the class, for Defendants' alleged violations of Colorado antitrust law. Colo. Rev. Stat. § 6-4-104 prohibits "[e]very contract, combination in the form of a trust or otherwise, or conspiracy in restraint of trade or commerce . . . ." Further, Colo. Rev. Stat. § 6-4-121 provides:

> All contracts or agreements made by any person while a member of any combination, conspiracy, trust, or pool prohibited under this article which are founded

> upon, or are the result of, or grow out of, or are connected with any violation of this article, either directly or indirectly, shall be void, and no recovery thereon or benefit therefrom shall be had by or for any such person. Any payments made upon, under, or pursuant to such contract or agreement to or for the benefit of such person may be recovered in an action by the party making the payment or his heirs, personal representatives, or assigns.

Under § 6-4-121, once Plaintiffs prove the elements of liability, they are entitled to recover "any payments made to or for the benefit of" the person making any such agreement. *Id.*

    2.    <u>Defendants' Description of Claims</u>

In this putative class action, Plaintiffs assert a single claim against the EPEM Defendants seeking solely "full consideration damages" under the Colorado Antitrust Act of 1992, C.R.S. §§ 6-4-101, *et seq.*, based on alleged manipulation of wholesale natural gas prices during the "relevant time period" (2000 to sometime in 2002). Specifically, Plaintiffs allege that EPEM conspired with traders of natural gas to report false or inaccurate wholesale sales information to publishers of natural gas price indices in an effort to inflate artificially the market price for wholesale natural gas. Since EPEM was dissolved under Colorado law in 2005, Plaintiffs further allege that Xcel Energy is liable as the successor entity to whom EPEM's assets were allegedly distributed upon final dissolution.

    **c.**    **A description of any counterclaims or cross-claims which remain pending and the party asserting such counterclaims of cross-claims:**

None.

3

    **d.**    **A description (by title and CM/ECF docket number) of any pending motion:**

See section (e) below.

    **e.**    **A brief summary of the proceedings each party anticipates will be necessary to move this case to a final resolution:**

    1.    <u>Class Certification</u>

        *a.*    *Plaintiffs' Position*

Plaintiffs are not aware of any dispositive motion filed in the District of Nevada that remains pending at this point. The only arguably pending motion is Plaintiffs' motion for class certification, which the District of Nevada initially denied before the United States Court of Appeals for the Ninth Circuit vacated the trial court's order (after Plaintiffs' successful Fed. R. Civ. P. 23(f) petition for interlocutory appeal). Class certification therefore remains an issue to be decided in this Court. But Plaintiffs respectfully request an opportunity to file a renewed motion for class certification based on evidence first produced and first disclosed by the Defendants after the earlier motion for class certification was filed, and to allow the parties the benefit of additional class certification jurisprudence developed since the earlier motion was filed more than three years ago.

The evidence belatedly produced by Defendants is important to the Court's determination of class certification. Specifically, Plaintiffs requested information from EPEM about its sales to class members years before discovery ended. As early as 2008, Plaintiffs asked Defendants to produce documents sufficient to show "price,

4

volume, delivery point, start date, start time, end date, end time, trades and counter-party" over all completed transactions. Plaintiffs also requested that Defendants "identify (by name, last known address and telephone number) each person or entity residing in the State of Colorado that was your customer during the relevant time period. For each such customer, provide separately the transaction information for each natural gas purchase and sale to that customer during the relevant time period." Defendants responded to Plaintiffs' request by referring Plaintiffs to the documents they had already produced and to the "transactional data already produced by the Responding Defendants" in response to the Plaintiffs' Amended Second Joint Request to Defendants for Production of Documents."

Defendants had a duty to produce documents and data about their retail sales from the moment Plaintiffs served discovery requests in 2008, and they had an ongoing duty to supplement their discovery responses. Despite these obligations and the representations in their discovery responses, Defendants only disclosed to Plaintiffs that 65 boxes of documents containing hundreds of thousands of pages of EPEM contracts and sales records were stored in a Denver warehouse (and that EPEM's transactional data had been destroyed), after discovery closed and after the motion for class certification had been filed in 2016. After an opportunity to review and analyze the materials in those boxes disclosed only after discovery had closed, Plaintiffs have developed additional information that bears directly on the class certification standards.

Defendants' contention that Plaintiffs could have brought the documents to the Court's attention in their reply in support of class certification or other briefing is

5

disingenuous. Defendants opposed Plaintiffs' request to permit discovery about the newly-produced documents, and they objected to Plaintiffs' use of those documents on appeal. Defendants have to date failed to stipulate to the authenticity and foundation of these documents. If Defendants do not stipulate to the authenticity and foundation of these documents, Plaintiffs will have no choice but to request leave to take a deposition to establish the requisite foundation and authenticity of these documents.

To fully evaluate the state-specific issues raised in class certification, as required by the Ninth Circuit's ruling vacating the District of Nevada's class certification denial, the Court should examine the class member contracts and information that Defendants first produced after discovery closed and after Plaintiffs had filed their motion for class certification. Plaintiffs respectfully request permission to file a brief on class certification based on the documents produced by Defendants after discovery closed, to address issues specific to the Colorado antitrust laws relevant to class certification, and to update the Court on the relevant class certification jurisprudence since Plaintiffs filed their motion for class certification in 2016.

There are no other motions pending from the District of Nevada. Defendants filed or joined in numerous summary judgment motions before the court-imposed deadline for dispositive motions in the District of Nevada. Each of those dispositive motions was denied before the District of Nevada entered its suggestions of remand. The deadline for dispositive motions has come and gone, and Plaintiffs have survived all challenges to the legal and factual sufficiency of their claims. As such, class certification and trial are the only two steps remaining to move this case to a final resolution.

In addition, Defendants' contention that Defendants' Joint Motion for Entry of Proposed Order Denying Class Certification [MDL No. 1566, ECF No. 3053] has "not yet been resolved on the merits" is not accurate. The motion was denied on January 14, 2019 without prejudice.

      b.      *Defendants' Position*

While no motions are currently pending, the following two motions have not yet been resolved on the merits:

<u>Plaintiffs' Motion for Class Certification and Memorandum in Support [MDL No. 1566, ECF No. 2310]</u>, filed on March 7, 2016 ("Motion for Class Certification"); and

<u>Defendants' Joint Motion for Entry of Proposed Order Denying Class Certification [MDL ECF No. 3053]</u>, filed on September 12, 2018 ("Motion for Entry of Proposed Order Denying Class Certification").

The EPEM Defendants respectfully request that the Court resolve Plaintiffs' Motion for Class Certification as follows:

Plaintiffs' request for a third round of class certification briefing is unwarranted. As Plaintiffs' Motion for Class Certification has been fully briefed—twice—the EPEM Defendants propose that they renew their Motion for Entry of Proposed Order Denying Class Certification, to which Plaintiffs may respond again. No additional briefing is necessary or appropriate.

Plaintiffs filed their second Motion for Class Certification purporting to specifically address the proposed class and claims in the Colorado action on March 7, 2016. [MDL ECF No. 2310]. On that same date, Plaintiffs filed similar motions in each of the other

7

MDL cases. The MDL Defendants (including the EPEM Defendants) filed a Joint Opposition applicable to all cases. [MDL ECF No. 2463]. The EPEM Defendants separately filed a Joinder in Joint Opposition and Separate Opposition to Breckenridge Plaintiffs' Motion for Class Certification, adopting the arguments set forth in the MDL Defendants' Joint Opposition and also addressing Colorado-specific factual issues and legal arguments as to class certification. [MDL ECF No. 2475]. Plaintiffs filed a Joint Reply in support of their Motion. [MDL ECF No. 2569].

On March 30, 2017, the MDL court issued an order denying the Motion for Class Certification. [MDL ECF No. 2832]. Plaintiffs sought and received interlocutory review, and on August 6, 2018, the Ninth Circuit vacated the MDL court's order denying class certification because that order did "not provide a sufficient analysis to permit us to engage in a meaningful appellate review." [MDL ECF No. 3030, at 3–4]. The Ninth Circuit expressly declined Plaintiffs' request to "order class certification" and instead remanded the issue to the MDL district court "to conduct an appropriate analysis of the Rule 23(b)(3) issue in the first instance." *Id.* at 5.

On remand, the MDL Defendants (including the EPEM Defendants in this action) filed the Motion for Entry of Proposed Order Denying Class Certification, consistent with the MDL's district court's prior ruling denying class certification, but also in accordance with the instructions of the Ninth Circuit. [MDL ECF No. 3053]. Specifically, Defendants' Proposed Order sought to address each of the areas identified by the Ninth Circuit. [MDL ECF No. 3054]. The Motion for Entry of Proposed Order Denying Class Certification was opposed by Plaintiffs [MDL ECF No. 3071], and a reply was filed [MDL

8

ECF No. 3074]. The motion was denied without prejudice in the MDL court's remand order. [MDL ECF No. 3105].

In light of this procedural history and the extensive prior briefing on class certification—including motions and oppositions that specifically address the Colorado action—no additional briefing is necessary or appropriate. Plaintiffs' claim that documents produced in May 2016 justify new briefing and potentially opening discovery is inaccurate and misleading. As addressed in EPEM's opposition to Plaintiffs' motion to compel, Plaintiffs only raised their need for these documents <u>after</u> discovery closed and two weeks <u>after</u> Plaintiffs filed their motion for class certification (and eight years after their first motion for class certification). [MDL ECF. No. 2392]. EPEM nonetheless produced these documents in May 2016, and the MDL court found that EPEM complied with its discovery obligations and denied Plaintiffs' motion to compel. [MDL ECF. No. 2524].

Less than three months after the EPEM Defendants' production, Plaintiffs relied on these documents in their second failed motion requesting to reinstate e prime as a defendant. [MDL ECF No. 2565] (second motion for reconsideration of dismissal); [MDL ECF No. 2671] (Order denying the motion). Yet, Plaintiffs now claim these documents are necessary for new briefing despite never citing or moving to include these same documents as relevant to class certification for years after their production. Plaintiffs ignored these documents when:

- **4 months** after the documents were produced, Plaintiffs filed their reply in support of class certification [MDL ECF No. 2569];

- **6 months** after the documents were produced, Plaintiffs opposed the MDL defendants' motion for leave to file a surreply opposing class certification [MDL ECF No. 2681];

- **8 months** after the documents were produced, Plaintiffs submitted a supplemental filing in support of their class motion [MDL ECF No. 2731];

- **10 months** after the documents were produced, the MDL court entered an order denying class certification [MDL ECF No. 2832];

- **2 years** after the documents were produced, the Ninth Circuit considered Plaintiffs' appeal of class certification [MDL ECF No. 3030];

- **2½ years** after the documents were produced, Plaintiffs sought remand to this Court and opposed the Motion for Entry of Proposed Order Denying Class Certification [MDL ECF Nos. 3048 & 3071].

In short, documents produced three years ago, and already used (unsuccessfully) as a basis to re-open proceedings, do not constitute good cause for a third round of new briefing that would impose substantial, unwarranted burden on this Court and the parties. Instead, in accordance with the Ninth Circuit's instructions, this Court is well-positioned to "conduct an appropriate analysis" and resolve class certification based on the fulsome record, and extensive briefing and exhibits, that have been submitted previously by the parties.

To that end, the EPEM Defendants request that the Court permit them to renew their Motion for Entry of Proposed Order Denying Class Certification. The EPEM Defendants will redact those portions of the Motion for Entry of Proposed Order Denying Class Certification that do not apply to this action. Otherwise, no changes will be made. The Motion can then be briefed by the parties based on their previous submissions, and in accordance with D.C.COLO.LCivR 7.1 and this Court's Practice Standards.

2.	Motions *in Limine*

While recognizing that this Court's Practice Standards discourage motions *in limine*, the parties plan to seek leave to file a limited number of motions *in limine* to resolve certain core issues in advance of trial. Any such motions will be filed following the Court's ruling on class certification.

**f.	A proposed schedule outlining the estimated time necessary to complete the proceedings each party anticipates will be necessary to move this case to a final resolution:**

1.	Plaintiffs' Position

Plaintiffs propose the following schedule for class certification briefing and any necessary hearing:

| | |
|---|---|
| Renewed Motion for Class Certification: | **July 31, 2019** |
| Defendants' Opposition to Class Certification: | **August 30, 2019** |
| Plaintiffs' Reply in Support of Class Certification: | **September 30, 2019** |
| Class Certification Hearing (if necessary): | **TBD–Fall 2019** |

If class certification proceeds on that orderly schedule, Plaintiffs would propose a pretrial conference in March 2020, with a trial date shortly thereafter.

2.	Defendants' Position

The EPEM Defendants propose the following schedule as to the remaining proceedings in this action:

| | |
|---|---|
| Renewed Motion for Entry of Proposed Order Denying Class Certification: | **July 12, 2019** |
| Plaintiffs' Opposition to Renewed Motion: | **August 2, 2019** |

11

| | |
|---|---|
| Defendants' Reply in Support of Renewed Motion: | **August 16, 2019** |
| Class Certification Hearing (if necessary): | **TBD** |

Within five (5) days after the Court's order on class certification, the parties will jointly call the Court's judicial assistant to set a status conference. At the status conference, the parties will address additional scheduling deadlines, including deadlines related to class notice (to the extent a class is certified), the parties' submission of a proposed Final Pretrial Order, and the setting of the Final Pretrial Conference and trial.

### g.   The parties' joint request for a status conference:

The parties jointly request a status conference to address the issues set forth in this status report. Subject to the Court's approval and availability, the parties will jointly contact the Court to set a status conference within the next two to three weeks.

Dated: June 24, 2019

*s/ Andrew J. Ennis*

Russell S. Jones, Jr.
P. John Brady
Andrew J. Ennis
Polsinelli PC
900 W. 48th Place, Suite 900
Kansas City, MO 64112
Telephone: 816-753-1000
Email: rjones@polsinelli.com
          pbrady@polsinelli.com
          aennis@polsinelli.com

Attorneys for Plaintiffs Breckenridge Brewery of Colorado, LLC and BBD Acquisition Co.

Respectfully submitted,

*s/ Kathryn A. Reilly*

Kathryn A. Reilly
Chuan ("CiCi") Cheng
Wheeler Trigg O'Donnell LLP
370 Seventeenth Street, Suite 4500
Denver, CO 80202-5647
Telephone:   303.244.1800
Email: reilly@wtotrial.com
          cheng@wtotrial.com

Michael J. Miguel
Brett D. Bissett
McKool Smith P.C.
300 S. Grand Avenue, Suite 2900
Los Angeles, CA 90017
Telephone:   213.694.1200
Email: mmiguel@mckoolsmithhennigan.com
          bbissett@mckoolsmithhennigan.com

Attorneys for Defendants
Xcel Energy Inc. and e prime Energy Marketing, Inc.

13

## **CERTIFICATE OF SERVICE (CM/ECF)**

      I HEREBY CERTIFY that on June 24, 2019, I electronically filed the foregoing **JOINT STATUS REPORT** with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

                                  *s/ Kathryn A. Reilly*

69231602.1